IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **INVISAFLOW, LLC**<br><br>    Plaintiff &<br>    Counterclaim Defendant,<br><br>    v.<br><br>**EURAMAX INTERNATIONAL, INC.**<br>**and EURAMAX HOLDINGS, INC.**<br><br>    Defendants &<br>    Counterclaim Plaintiffs. | Case No. 1:14-cv-03026-MHC |

**PLAINTIFF INVISAFLOW, LLC'S**
**RULE 26(a)(1)(A) INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendant Invisaflow, LLC ("Plaintiff" or "Invisaflow"), by its attorneys, provides the following Initial Disclosures.

**PRELIMINARY STATEMENT**

Invisaflow makes these disclosures based on information reasonably available to it as of this date, recognizing that its investigation into the facts of this case is continuing. Pursuant to Fed. R. Civ. P. 26(e), Invisaflow reserves the right to supplement these disclosures as the case progresses and further reserves the right to rely upon testimony, documents, and other admissible evidence and

information to which reference is made by Defendants and Counterclaim Plaintiffs Euramax International, Inc. and Euramax Holdings, Inc.[1] (collectively, "Defendants" or "Euramax") in its own disclosures and that is otherwise made known to Invisaflow in discovery.

In addition, Invisaflow does not waive its right to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevancy, undue burden, or any other valid objection. Invisaflow's initial disclosures are also made without waiving: (1) the right to object on any grounds including, but not limited to, competency, privilege, relevancy, materiality, or hearsay, to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

**I.     IDENTIFICATION OF INDIVIDUALS (Fed. R. Civ. P. 26(a)(1)(A)(i))**

    **A. Jeffrey E. Smith**
       Invisaflow, LLC
       1350 Bluegrass Lakes Pkwy.
       Alpharetta, GA 30004

---

[1] Reference herein to "Defendant(s)" includes any one, or both, of the named Defendants in the present case.

Mr. Smith has knowledge regarding Invisaflow's claims and defenses in the above-captioned case. Mr. Smith also has knowledge regarding the history, market, development, design, manufacture, operation of, novelty, advertising and trade dress related to Invisaflow's StealthFlow® low profile downspout extension. Mr. Smith may only be contacted through Williams Mullen, counsel for Plaintiff.

B. **James B. Horton**
Invisaflow, LLC
1350 Bluegrass Lakes Pkwy.
Alpharetta, GA 30004

Mr. Horton has knowledge regarding Invisaflow's claims and defenses in the above-captioned case. Mr. Horton also has knowledge regarding the history, market, development, sales and finances related to Invisaflow's StealthFlow® low profile downspout extension. Mr. Horton may only be contacted through Williams Mullen, counsel for Plaintiff.

C. **Current and former employees of Defendants:** including, but not limited to, Tyrone Johnson, Mitch Lewis, Robert B. Bell, John J. McNichol, J. Michael Connelly, Joseph K. Wolf, Vincent Kehs, and Jeffrey C. Bowling all at one or more addresses in Defendants' possession, custody or control.

One or more of these witnesses are expected to have knowledge regarding Defendants' Answer, Affirmative Defenses, and other Defenses and Counterclaims to Plaintiff's First Amended and Verified Complaint. One or more of these

witnesses are expected to have knowledge regarding Defendants' Accused Products[2] and related conception, development, design, marketing, branding, sales, competition, evolution, and/or intellectual property (and applications).

    D.  **Representatives of Custom-Pak, Inc.**
         86 16th Avenue North
         Clinton, IA 52732

These witnesses are expected to have knowledge regarding Defendants' Accused Products and related conception, development, design, marketing, branding, sales, competition, evolution, and/or intellectual property (and applications).

## II.  IDENTIFICATION OF DOCUMENTS (Fed. R. Civ. P. 26(a)(1)(A)(ii))

The following categories of documents in Invisaflow's possession, custody or control may be used to support its claims or defenses.

    A.    Documents evidencing the development, design, manufacture, advertising, and trade dress related to Invisaflow's StealthFlow® low profile downspout extension;

    B.    Patent prosecution-related files

    C.    Documents supporting Invisaflow's claims and defenses;

---

[2] As defined in Plaintiff Invisaflow, LLC's First Requests for Production.

    D.    Documents concerning Invisaflow's asserted patent and trade dress; and

    E.    Publically available documents related to the patent.

These documents will be made available at the offices of Bodker Ramsey Andrews Winograd Wildstein, P.C., One Securities Centre, 3490 Piedmont Road, Suite 1400, Atlanta, GA 30305-4808 or at another mutually agreeable location.

**III.**    **COMPUTATION OF DAMAGES (Fed. R. Civ. P. 26(a)(1)(A)(iii))**

Invisaflow is presently still investigating the scope of the infringements alleged in its First Amended Complaint and is not yet able to quantify the damages caused by Defendants' infringement. Invisaflow expects that expert testimony will be proffered to quantify the damages caused by Defendants' infringement. Invisaflow will also request the entry of preliminary and/or permanent injunctive relief, as needed.

**IV.**    **INSURANCE AGREEMENTS (FED. R. CIV. P. 26(a)(1)(A)(iv))**

None.

Invisaflow reserves the right to amend these initial disclosures upon identification of other documents and things through discovery or through development of the issues.

This 9th day of October, 2015.

        By:    /s/ *Richard T. Matthews*
                Richard T. Matthews, Esq.
                North Carolina Bar No. 32817
                rmatthews@williamsmullen.com
                Andrew R. Shores, Esq.
                North Carolina Bar No. 46600
                ashores@williamsmullen.com
                WILLIAMS MULLEN
                A PROFESSIONAL CORPORATION
                301 Fayetteville St., Suite 1700
                Raleigh, N.C. 27601
                Phone: (919) 981-4000
                Facsimile: (919) 981-4300

                Thomas Rosseland, Esq.
                Georgia Bar No. 615230
                BODKER RAMSEY ANDREWS WINOGRAD
                WILDSTEIN, P.C.
                One Securities Centre
                3490 Piedmont Road, Suite 1400
                Atlanta, GA 30305-4808
                Phone: (404) 351-1615
                Facsimile: (404) 352-1285
                trosseland@brawwlaw.com

                *COUNSEL FOR PLAINTIFF*
                *INVISAFLOW, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2015, I electronically filed the foregoing PLAINTIFF INVISAFLOW, LLC'S RULE 26(a)(1)(A) INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>Vaibhav P. Kadaba
>(Ga. Bar No. 405727)
>R. Charles Henn Jr.
>(Ga. Bar No. 347098)
>Renae Wainwright
>(Ga. Bar No. 424262)
>Joshua H. Lee
>(Ga. Bar No. 489842)
>Crystal C. Genteman
>(Ga. Bar No. 294382)
>KILPATRICK TOWNSEND & STOCKTON LLP
>1100 Peachtree Street, Suite 2800
>Atlanta, Georgia 30309-4528
>404-815-6500 (ph.)
>404-815-6555 (fax)
>Email: wkadaba@ktslaw.com
>　　　　chenn@ktslaw.com
>　　　　rwainwright@ktslaw.com
>　　　　jlee@ktslaw.com
>　　　　cgenteman@ktslaw.com
>
>*COUNSEL FOR DEFENDANTS*